UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                  Case Nos.:   3:01cr91/RV/CJK
                                                                 3:16cv316/RV/CJK
BRUCE MAURICE TUCKER
_____/

REPORT AND RECOMMENDATION

Defendant Bruce Maurice Tucker has moved for relief from his federal sentence by filing a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." (ECF No. 68). The Government filed a Motion to Dismiss and Response in Opposition (ECF No. 71), and Defendant filed a reply. (ECF No. 74). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). The court recommends that the Government's Motion to Dismiss be granted and the § 2255 motion be dismissed without an evidentiary hearing. *See* Rules Governing Section 2255 Cases 8(a) and (b).

PROCEDURAL BACKGROUND

On August 22, 2001, the grand jury charged Bruce Maurice Tucker in a four-count indictment with controlled substance and weapons offenses. (ECF No. 8.) Counts One and Two charged conspiracy to possess with intent to distribute fifty grams or more of cocaine base, commonly known as crack cocaine, and possession with intent to distribute fifty grams or more of cocaine base on a date certain, both in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(A)(iii). Counts Three and Four charged him with using and carrying a firearm in furtherance of the aforementioned drug trafficking crimes in violation of 18 U.S.C. § 924(c) and 2, and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and (b)(1)(C). The Government filed an Enhancement Information indicating its intent to seek enhanced penalties under 21 U.S.C. § 841 due to a prior conviction for possession of cocaine. (ECF No. 23.)

After the court denied Defendant's motion to suppress, he entered a conditional plea of guilty on November 2, 2001.

The Presentence Investigation Report ("PSR") reflects that Defendant had a base offense level of 36. (ECF No. 75, PSR ¶ 32.) After a three-level adjustment

Case Nos.: 3:01cr91/RV/CJK; 3:16cv316/RV/CJK

for acceptance of responsibility, his total offense level was 33. (PSR ¶¶ 32-41.) There were no Chapter Four enhancements. (PSR ¶ 40.) Defendant's criminal history category was III, and the applicable guidelines range was 168 to 210 months. (PSR ¶ 48, 74.) However, Defendant was subject to a statutory minimum mandatory term of twenty years imprisonment on Counts One and Two, as well as a minimum five-year term on Count Three and a maximum term of ten years on Count IV. (PSR ¶ 73.)

On January 18, 2002, the court sentenced Defendant to a term of 240 months' imprisonment on the drug charges, a consecutive 60-month term on Count Three, and a concurrent 60-month term on Count Four, for a total term of 300 months' imprisonment. (ECF No. 40.)

Defendant appealed, and his attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Eleventh Circuit granted counsel's motion to withdraw and affirmed the conviction, issuing its mandate on January 21, 2003. (ECF No. 61.)

Defendant unsuccessfully moved to modify his sentence pursuant to 18 U.S.C. § 3582 in December of 2014. (ECF Nos. 65, 67.) In June of 2016,

Defendant moved for relief pursuant to 28 U.S.C. § 2255. In the motion, he raises several claims of ineffective assistance of counsel, and claims the right to sentencing relief as to both his actual sentence and his term of supervised release, relying in large part of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Defendant's motion is untimely, and it should be dismissed.

## ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. Relevant to the instant motion, the one-year period runs from the latest of: the date on which the judgment of conviction becomes final; or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(1) and (3). Defendant filed a direct appeal in this case, so his conviction became final when the Supreme Court denied certiorari or upon the expiration of the 90-day period for filing a petition for certiorari. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003). Defendant did not file a petition for certiorari, and therefore his conviction became final ninety days after the Eleventh Circuit issued its opinion on or about

December 20, 2002. Thus, the one-year limitations period expired on December 22, 2003, and Defendant's motion dated June 13, 2016, is facially untimely.

Defendant asserts that his motion is timely because it was filed within one year of the Supreme Court's June 26, 2015, decision in *Johnson v. United States,* which the Court later held to be retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). (ECF No. 68-1 at 10.) In *Johnson,* the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(b)(ii), finding that the provision was unconstitutionally vague. This holding is irrelevant to Defendant's case. Defendant did not receive an enhanced sentence under the ACCA, but instead was sentenced pursuant to 28 U.S.C. § 841(b)(1)(iii) as a result of his prior conviction for a felony drug offense. (PSR ¶¶ 46, 73; ECF No. 23.)

Defendant argues in his reply that *Johnson* somehow affects his conviction in Count Three for using or carrying a firearm in furtherance of a crime of violence or drug trafficking crime in violation of § 924(c). But the crimes charged in Counts One and Two that provided the basis for the conviction in Count Three were not crimes of violence, but drug trafficking crimes. Therefore, whether *Johnson* and

its progeny had any effect on the definition of "crime of violence" in § 924(c) is irrelevant to Defendant's case.  *Johnson* has no bearing on this case, and Defendant may not rely on the decision to restart the proverbial § 2255 clock.  The § 2255 motion is untimely and should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

Case Nos.: 3:01cr91/RV/CJK; 3:16cv316/RV/CJK

issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The Government's Motion to Dismiss (ECF No. 71) be GRANTED and the motion to vacate, set aside, or correct sentence (ECF No. 68) be DISMISSED as untimely.

2. A certificate of appealability be DENIED.

At Pensacola, Florida, this 4th day of October, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:01cr91/RV/CJK; 3:16cv316/RV/CJK

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:01cr91/RV/CJK; 3:16cv316/RV/CJK